UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-62380-CIV-COHN/SELTZER

KEVIN HANS GAGNON,

    Plaintiff,

vs.

FLORIDA 595 TRAVEL CENTER CORP.
and NORKA RODRIGUEZ,

    Defendants.
_____/

## ORDER

**THIS CAUSE** has come before the Court upon Defendants' Motion to Compel Better Responses to Interrogatory Requests Propounded on Plaintiffs Cunningham, Kuessell, Hires, Sanchez, Budman, Gringas, Ralliford, and Palmer [DE 99]. At issue are six interrogatories. The bulk of Plaintiffs' objections are that the interrogatories contain subparts, or "multiple interrogatories in one." Plaintiffs also object to the relevancy of several interrogatories. The parties have conferred and have narrowed some of the issues.

Plaintiffs object to several of the interrogatories on the ground that they contain subparts, or "multiple interrogatories in one." Although Plaintiffs did not specifically raise an objection to the number of interrogatories, the Court notes that Rule 33(a)(1), Federal Rules of Civil Procedure, limits the number of interrogatories that may be served on a party to 25, "including all discrete subparts," unless a greater number has been stipulated or ordered by the court. Fed. R. Civ. P. 33(a)(1). The rule does not define what is meant by

"discrete subparts." Perez v. Aircom Management Corp., Inc., 2012 WL 6811079, at *1. (S.D. Fla. Sept. 24, 2012).

This Court has adopted the "related questions test" to determine whether a subpart in an interrogatory should be considered "discrete." Id. "If the subparts are subsumed and necessarily related to the primary question, then the subpart is not 'discrete' within the meaning of Rule 33(a)." Id. (quoting Oliver v. City of Orlando, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007). If "the subparts are logically related to the information sought in the primary question" they should be counted as a single interrogatory. Perez, 2012 WL 6811079, at *2.[1] This is the test the Court has applied to the interrogatories that are the subject of this Motion.

Interrogatory 5 asks, "State with specificity and in detail the time, form, manner, and amount in which you were compensated by Defendants and state whether you were paid

---

[1]
   "By way of example, the following types of interrogatories have been deemed to be not discrete and, hence, constitute one interrogatory: (1) questions about persons with knowledge and the subject area of their knowledge; (2) questions about prior lawsuits, the nature of the cause of action, the parties, the court in which the lawsuit was filed, and the dates filed; (3) questions about witness statements, by and to whom made, when made, and the substance and context of the statements; (4) questions about persons with documentary evidence in their possession, custody, and control, what documents they have, the location of the documents, and when the documents were prepared; (5) questions about expert witnesses, their addresses, qualifications, subject matter of their testimony, and grounds for their opinions; (6) questions about damages, when the damages occurred, to whom expenses were paid; and (6) questions about lost income, benefits, or earning capacity, the nature of each loss, and how the loss was computed."

Perez v. Aircom Mgmt. Corp., 2012 WL 6811079, at *1 (S.D. Fla. Sept. 24, 2012).

2

an hourly wage, by salary, pursuant to a piece rate method of compensation, or some other compensation plan or compensation policy." The Court finds that the subject matters contained in this interrogatory are logically related to the primary question and, therefore, the interrogatory does not contain discrete subparts. The Court finds no valid objection to this interrogatory and, therefore, Defendant's Motion to Compel will be granted as to interrogatory number 5.

Interrogatory 15 asks, "State (a) What your work schedule was during the period alleged in the Amended Complaint. (b) Who set your work schedule. (c) If you contend that you worked different hours than your work schedule during the time period alleged in the Amended Complaint, state the hours worked for each week. 'Work schedule' refers to the days and hours that you were expected to be working by your Employer." The Court finds that the subject matters of this interrogatory are not logically related to the primary question and, therefore, the interrogatory does contain three discrete subparts. However, "multiple subparts" is not a valid objection to an interrogatory unless the total number of interrogatories exceeds 25. Plaintiffs have not made a showing that the interrogatories served exceed the permissible amount. Accordingly, Defendant's Motion to Compel will be granted as to interrogatory number 15.

Interrogatory 18 to Cunningham asks, "State whether you have or are employed by JBC Services. If you are in the affirmative, please state: (a) your job title and duties; (b) length of employment; and (c) whether you performed any services for Defendant Florida 595 Travel Center Corp. while employed by JBC Services, the date, and a description of the services." The Court finds that sections (a) and (b) are logically related to the primary question and are not, therefore, discrete subparts. Section (c) of this interrogatory

3

addresses a subject matter that is not logically related to Plaintiffs' employment at JBC Services, Inc. and, therefore, section (c) is a discrete subpart. However, "multiple subparts" is not a valid objection to an interrogatory unless the total number of interrogatories exceeds 25. Plaintiff has not made a showing that the interrogatories served exceed the permissible amount.[2] Accordingly, Defendant's Motion to Compel will be granted as to interrogatory number 18 to Cunningham.

Interrogatory 18 to Budman asks, "State whether you have or are employed by Stephen Budman Services. If you are in the affirmative, please state: (a) your job title and duties; (b) length of employment; and (c) whether you performed any services for Defendant Florida 595 Travel Center Corp. while employed by JBC Services, the date, and a description of the services." The Court finds that sections (a) and (b) are logically related to the primary question and are not, therefore, discrete subparts. Section (c) of this interrogatory addresses a subject matter that is not logically related to Plaintiffs' employment at JBC Services, Inc. and, therefore, section (c) is a discrete subpart. However, "multiple subparts" is not a valid objection to an interrogatory unless the total number of interrogatories exceeds 25. Plaintiff has not made a showing that the interrogatories served exceed the permissible amount. Accordingly, Defendant's Motion to Compel will be granted as to interrogatory number 18 to Budman.

---

[2] Plaintiffs' counsel argues that he was "unable to confer on this interrogatory because he has lost contact with Mr. Cunningham." This is not a valid objection to the interrogatory and Cunningham remains a party subject to sanction for failure to respond to discovery.

Interrogatory 17 asks, "State the factual basis for each item of damage[s] that you claim, and include in your answer an explanation of how you computed each item of damages (the amount of wages; the amount of liquidated damages; the amount of attorney's fees and costs; and the amount of any other relief sought)." The Court finds that the subparts of this interrogatory are logically related to the primary question and hence, there are no discrete subparts to be considered.

Plaintiffs also object to this interrogatory to the extent that it seeks information about attorney's fees and costs. Plaintiffs argue that attorney's fees and costs are not relevant to any claim or defenses in this litigation and that, therefore, the entire interrogatory is objectionable. The Court agrees that discovery regarding attorney's fees and costs is not relevant to any claim or defense in this litigation. See Stevens v. DeWitt County, 2013 WL 819372 (C.D. Ill. Mar. 6, 2013), at *2 ("[Plaintiff's] costs and attorney fees will only become relevant if and when she becomes a prevailing party."). At this stage of the proceedings under the FLSA, Plaintiff's attorney's fees and costs are not relevant and, therefore, are not discoverable. Plaintiffs' objection to Interrogatory Number 17 will be sustained only as to attorney's fees and costs. Defendant's Motion to Compel, therefore, will be granted in part and denied in part as to Interrogatory number 17.

As the parties have agreed to Interrogatory number 16 , the Court will not address that portion of the Motion to Compel.

In light of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel Better Responses to Interrogatories [DE 99] is **GRANTED IN PART AND DENIED IN PART**. Plaintiffs shall

provide better responses to Interrogatory numbers 5, 15, 17, 18 as to Cunningham, and 18 as to Budman no later than Monday, August 29, 2016.[3] Interrogatory 17 shall be answered, except as to the subpart that seeks information about attorney's fees and costs.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 23rd day of August, 2016.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF

Kevin Hans Gagnon
3501 Inverarry Boulevard # 617
Fort Lauderdale, FL 33319

---

[3] The discovery deadline in this case is August 29, 2016; the undersigned cannot extend the deadline that was set by the District Court.